

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Bexar Co,*

May 9, 1939

Hon. Jay Sam Levey
Assistant District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. O-725
Re: Necessity of registration under
the assumed name statute.

This will acknowledge receipt of your letter
of April 28, 1939, in which you submit for an opinion
of this Department the question of whether or not the
use of the following names comes within and requires
the users thereof to register under the assumed name sta-
tute of this state:

1.  Gene Irwin Service Station (owned and opera-
ted by Eugene Irwin).

2.  Pavlue Grocery & Market (owned and operated
by J. E. Pavlue).

3.  John's Garage (owned and operated by John
Mitchell).

Article 5924, Revised Civil Statutes of Texas,
1925, reads:

"No person shall conduct or transact
business in this State under any assumed
name or under any designation, name, style,
corporate or otherwise other than the real
name of each individual conducting or trans-
acting such business, unless such person shall
file in the office of the county clerk of the
counties in which such person conducts, or
transacts or intends to conduct or transact
such business, a certificate setting forth
the name under which such business is, or is

to be, conducted or transacted, and the true
full name or names of each person conducting
or transacting the same, with the post-office
address of each. Said certificate shall be
executed and duly acknowledged by the persons
so conducting or intending to conduct said
business in the manner provided for acknowledg-
ment of conveyance of real estate."

Article 1067 and 1070, Penal Code of Texas
1925, constitute the penal provisions for the violation
of Article 5924, supra.

A careful examination of the authorities does
not reveal that our Texas courts have established any
rule for the determination of what constitutes a viola-
tion of the assumed name law.

The courts in construing statutes similar to the
Texas statutes have looked to the legislative intent be-
hind the passage of such statutes. The Court of Appeals
of Kentucky in the case of Warren Oil & Gas Company vs.
Gardner, 212 SW 456, says:

"The object of the statute is to enable
the public, as well as those who deal with
the concern, to ascertain definitely who is
the person or persons behind the business in
case litigation arises. The statute is a part
of the public policy of the state and was in-
tended to protect and safeguard the rights of
citizens."

This statement of the purpose of a similar sta-
tute was likewise announced in the case of Acme Drilling
Company vs. Gorman Oil Syndicate, 249 NW 1003.

The court said of a similar statute of Montana
in the case of Canonica vs. St. George, 208 Pac. 607:

"The object of the statute is to prohibit
persons from concealing their identity in their
business transactions under the cloak of assumed
or fictitious names; if the identity is not dis-
closed in the name or designation employed, then
it must be disclosed in the public record pro-
vided for that purpose."

The public, in dealing with a corporation, can ascertain the nature of the organization and can obtain sufficient data with respect to the parties who compose it upon which to predicate a suit by inquiry of the Secretary of State. The Legislature, in its widdom, passed the assumed name law for the purpose of requiring all individuals and organizations, other than corporations, to file information reflecting the ownership thereof with the county clerk of the county in which such individual or organizations conduct business, in the event they operate under any but "the real name of each individual."

The test of whether or not the assumed names made the basis of your inquiry must be registered as required by Article 5924, supra, must be whether or not the names as adopted are sufficient to put the public upon notice as to the party or parties with whom they are dealing. Can the public be required to walk into one of these places of business and inquire as to the true owners thereof before being able to assert some cause of action? In so doing, what assurance does the public have that they are being furnished the correct information? The answer is apparent that the public has the right to seek and obtain information from some reliable source as to the owners of a business with which it does business.

It is therefore, the opinion of this Department and you are so advised that none of the names submitted are sufficient to put the public upon notice as to the true owners thereof and each should be registered under the provisions of Article 5924, supra.

Trusting that this sufficiently answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS